```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
                   CENTRAL DIVISION
                    AT LEXINGTON
```

**CIVIL ACTION NO. 2009-85 (WOB)**

**MICHELLE M. MATTOX-HUNT**                                        **PLAINTIFF**

**VS.**                            <u>**OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                                **DEFENDANT**

This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 9) and the cross-motion for summary judgment of the defendant (Doc. 10).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." *Alexander v. Apfel*, 17 F. App'x. 298, 300 (6th Cir. 2001) (citing *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

In order to qualify for benefits, the claimant must establish that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability.  *Heston v. Commissioner of Social Security*, 245 F.3d 528 (6th Cir. 2001).  First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity."  *Id.* at 534 (citing *Abbott v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. 404.1520(b)).  Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment.  *Id.*  "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'"  *Id.* (citing 20 C.F.R. §§404.1520(c) and 416.920(c)).  Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience.  *Id*.  (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)).  Fourth, claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work.  *Id.*  Lastly, even if the claimant cannot perform her past

2

relevant work, she is not disabled if she can perform other work which exists in the national economy. *Id.* (citing *Abbott*, 905 F.2d at 923).

The claimant has the burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

The claimant was twenty-six years old at the time of the ALJ's decision. The claimant completed the eighth grade and has a GED. The ALJ found that she has no past relevant employment. The claimant alleges that she became disabled on November 14, 1999, due to depression, cyclothymic disorder, neck and back pain, and headaches.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

In the case at bar, the ALJ determined at step one that claimant has not been engaged in substantial gainful activity since her alleged onset date. At step two, the ALJ determined that the claimant's depression and cervico/lumbosacral spine strain are severe impairments. At step three, the ALJ determined that, although claimant has impairments that are "severe," she does not have an impairment that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1.

Prior to step four, the ALJ determined that the claimant had

3

the residual functional capacity ("RFC") to perform a significant range of medium level work. At step four, the ALJ found that the claimant had no past relevant work. At step five, the ALJ, relying on the testimony of the vocational expert, determined that there are a significant number of jobs in the national economy that the claimant can perform, including: laundry worker, 2,900 jobs in the region and 315,000 jobs in the nation, and kitchen worker, 5,200 jobs in the region and 488,000 jobs in the nation. Therefore, the ALJ found that the claimant was not disabled.

The claimant argues that the ALJ erred in finding that her description of the severity of her symptoms was not credible. The Sixth Circuit has recently discussed the deference afforded an ALJ's credibility analysis:

> A claimant's subjective assessment of his symptoms is relevant to determining whether he suffers from a disability but is not conclusive evidence of a disability. *Warner [v. Commissioner of Social Security],* 375 F.3d [387, 392 (6th Cir. 2004)] (citing *Buxton v. Halter,* 246 F.3d 762, 773 (6th Cir. 2001) ("Subjective complaints of 'pain or other symptoms shall not alone be conclusive evidence of disability.'") (quoting 42 U.S.C. § 423(d)(5)(A))). In evaluating the claimant's subjective complaints of pain, an ALJ may properly consider the claimant's credibility, and we accord great deference to that credibility determination. *Id.; see also Walters [v. Commissioner of Social Security],* 127 F.3d [525, 531 (6th Cir. 1997)] (stating that an ALJ's "findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an [ALJ] is charged with the duty of observing a witness's demeanor and credibility"). A claimant's credibility may be properly discounted "to a certain degree . . . where an [ALJ] finds contradictions among the medical reports, claimant's testimony, and other evidence." *Warner,* 375 F.3d at 392 (quoting *Walters,* 127 F.3d at 531); *see also Blacha v. Sec'y of Health & Human Servs.,* 927 F.2d 228, 231 (6th Cir. 1990) (in evaluating his assertions of pain or ailments, an ALJ may also consider a claimant's household

and social activities).  An individual's statements as to "pain or other symptoms will not alone establish that [he is] disabled...." *Walters,* 127 F.3d at 531 (quoting 20 C.F.R. § 404.1529(a)).  This Court has developed a two-prong test to evaluate such assertions:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine:  (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Id*. (citing *Felisky v. Bowen,* 35 F.3d 1027, 1038-39 (6th Cir. 1994)).

*Hash v. Commissioner of Social Security*, 309 F. App'x 981, 989-90 (6th Cir. 2009).

Here, the ALJ found that the objective evidence supports a finding that the claimant suffers from an underlying objective medical condition: back and neck pain and depression.  The ALJ concluded, however, that:

> the medical evidence does not document a continuing impairment of incapacitating proportions, i.e., one which would produce pain of such intensity that the ordinary physical activity necessary to perform basic work-related functions would be impossible or contraindicated for a continuous period of twelve months or more. . . . [A] review of the evidence in this case persuades the undersigned that claimant's complaints of pain and incapacitation are not credible when viewed in light of the medical findings and claimant's own testimony.

(AR 27-28).

The court finds, after a review of the record and both of the ALJ's decisions in this matter,[1] that the ALJ gave coherent

---

[1] The appeals council remanded this matter to the ALJ with instructions to obtain vocational testimony as to whether the claimant could perform her past relevant work.  In his current decision, the ALJ incorporated his prior decision by reference.

5

reasons as to why he found claimant's complaints less than fully credible. The ALJ specifically found that the claimant's medical records and activities of daily living, including her ability to care for herself and three young children, were inconsistent with her claims of debilitating pain and mental impairment.

With respect to claimant's claims of severe mental impairment, the ALJ provided an extensive analysis under step three of the evaluation and found such limitations were mild. The ALJ stated, "[i]n sum, . . . current mental records indicate that the claimant's general behavior, appearance, mood, speech, thought, cognition and perception are all within normal limits."

The court finds this assessment is supported by the record, which includes an assessment from Dr. Pirnot, who concluded that "[c]ognitively, [claimant] is unimpaired. Emotionally, she appears to wax and wane in symptoms, taking little responsibility for her own impact in relationships." (AR 242). Dr. Pirnot assigned a Global Assessment of Functioning score of 65, which indicates mild psychological symptoms. (AR 243).

In addition, Dr. Sutherland also concluded that "[claimant's] prognosis is good with treatment." Dr. Sutherland found that the claimant has a good ability to understand, retain and follow basic instructions; fair to good capacity to sustain attention to perform simple repetitive tasks; good ability to relate to others; and a fair to good ability to tolerate stress and pressure associated with day-to-day working activities. (AR

---

Thus, the court will consider both the ALJ's decisions.

6

400).

Furthermore, treating physician Perez found that the claimant had good results with drug therapy and noted that the claimant was happy with the effect. (AR 435-36). Thus, the court finds that there is substantial evidence to support the ALJ's finding that the claimant's statements of a disabling mental condition are not fully credible.

With respect to claimant's allegation of physical pain, the ALJ found that the medical evidence supported only a finding that her back and neck pain caused mild limitations. Specifically, the ALJ noted:

> •The most recent cervical, thoracic, and lumbar spine MRIs reveal little more than degenerative changes (Ex. 22F).
>
> •After a December 18, 2003 examination of the claimant, Frederic Sonstein, M.D., reported the claimant ambulated with a normal gait, enjoyed full ranges of motion in her cervical and thoracic spine, presented uncompromised straight leg raising, possessed full motor strength in all extremities and presented no coordination or sensation deficits. Dr. Sonstein opined the claimant was not a surgical candidate, and he recommended only trigger point injection therapy (Ex. 29F).
>
> •Lance Cassell, M.D., observed the claimant enjoyed full ranges of motion in all of her extremities, normal gait, full motor strength in all extremities, uncompromised straight leg raising, and uncompromised heel/toe walking. Dr. Cassell's remarkable observations includes only *mildly* diminished cervical spine motion, two focal trigger points in the thoracic spine, *mildly* decreased thoracolumbar spine motion, and two lumbar spine trigger points. Dr. Cassell later diagnosed bilateral upper and lower extremity paresthesias, but the doctor's examination reports contain no objective support for the diagnosis. (Ex. 11F).
>
> •After an April 8, 2004 examination of the claimant, Patrick Ijewere, M.D., reported the claimant was in no distress, had no difficulty sitting down on or getting up from a chair, had no difficulty getting on or off the examination table, presented uncompromised straight leg

7

>raising, ambulated with a normal gait, possessed normal grip
>strength, and enjoyed full ranges of motion in all joints
>and throughout her spine.  Dr. Ijewere recommended only
>physical therapy and Tylenol (Ex. 15F).

(AR 53-54).

The ALJ's analysis of the medical record is accurate and support his finding that the claimant's back and neck pain are not disabling.  Thus, the ALJ did not err in finding plaintiff's allegations of disabling pain were not credible.

The court finds that the ALJ gave sound reasons, supported by the record, for his conclusion that claimant's back and neck pain and mental impairments were mildly limiting.  As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.  Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached."  *Alexander v. Apfel*, 17 F. App'x 298 (6th Cir. 2001) (citing *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence.  Accordingly, the claimant is not disabled within the meaning of The Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the plaintiff (Doc. 9) be, and it hereby is, **denied**; and that the

cross-motion for summary judgment of the defendant (Doc. 10) be, and it hereby is, **granted**.  That a separate Judgment shall enter concurrently herewith.

This 20th day of October, 2009.



9